**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| TEKEVA SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-2221-SHL-cgc |
| | ) | |
| RESOURCE MFG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REJECTING REPORT AND RECOMMENDATION
AND DIRECTING THE CLERK TO ISSUE PROCESS**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R"), filed April 23, 2024.[1] (ECF No. 6.) In the R&R, Judge Claxton recommends that the Court dismiss pro se Plaintiff Tekeva Shaw's complaint sua sponte because she fails to state a claim for which relief may be granted. (Id.) Shaw did not file an objection to the R&R. For the reasons below, the Court **REJECTS** the R&R and **DIRECTS** the Clerk to issue process.

## BACKGROUND

I. **The Complaint**

In June 2023, Shaw filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1 at PageID 5.) The EEOC issued a right to sue letter on March 26, 2024. (ECF No. 1-1.)

---

[1] Under Administrative Order 2013-05, the Court referred this case to Judge Claxton for management of all pretrial matters.

Shaw filed a pro se complaint and a motion to proceed in forma pauperis ("IFP") in this Court on April 4, 2024.[2]  (ECF Nos. 1, 2.)  In her complaint, Shaw brings a claim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 against Defendant Resource MFG.  (ECF No. 1 at PageID 1.)  Using a form provided by the Clerk's office to assist pro se litigants asserting employment discrimination claims, Shaw checked boxes alleging "failure to hire," "unequal terms and conditions of my employment," and discrimination based on her race (African American) and color (Black).   (Id. at PageID 3–4.)

In the section of her complaint devoted to the facts of the case, Shaw writes:

> After applying at RemX, I stopped by Resource MFG for a job and she gave me a business card with other staffing locations.  The other locations also refused me of a job.  They told me they did not hire people like me.

(Id. at PageID 4.)  Shaw seeks $137,857 in compensatory damages.  (Id. at PageID 6.)

## II.     The R&R

In the R&R, Judge Claxton explains that under 28 U.S.C. § 1915(e)(2), the Court is required to screen IFP complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

(ECF No. 6 at PageID 18.)  In assessing whether the complaint states a claim under § 1915(e)(2)(ii), Judge Claxton applied the standards of Federal Rule of Civil Procedure 12(b)(6), concluding that Shaw failed to state a claim because she does not meet the essential elements of a Title VII claim.  (Id. at PageID 19.)  These essential elements are that Plaintiff:

---

[2] Judge Claxton granted the motion to proceed IFP on April 23, 2024.  (ECF No. 6.)

"(1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for the position; and (4) either similarly situated, non-protected employees were treated more favorably or he was replaced by someone outside of his protected class." (Id. at PageID 19) (citing Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 393 (6th Cir. 2010)).  Judge Claxton found that, although Shaw meets the first two elements, she did not allege any facts that show she was discriminated against because of her race.  (Id. at PageID 19.)  Further, Judge Claxton found that Shaw made no factual allegations about any similarly situated employees who were treated more favorably.  (Id. at PageID 20.)  As a result, Judge Claxton recommended that Shaw's race discrimination claim be dismissed.[3]

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Shaw did not file any objection to the R&R by the May 7, 2024 deadline.   The Court therefore reviews the R&R in its entirety for clear error.

Although Judge Claxton correctly notes that under § 1915(e)(2)(ii) IFP complaints are screened using the Rule 12(b)(6) standard, the R&R's analysis of Shaw's Title VII discrimination claims relies on precedent that is applicable only at the summary judgment stage.

---

[3] Judge Claxton does not address Shaw's color discrimination claim.

(ECF No. 6 at PageID 19.)  Specifically, she finds that Shaw does not meet the prima facie elements of race discrimination.  Although courts often look to the prima facie elements when determining whether a Title VII plaintiff has a cognizable claim, Shaw is not required to plead those elements to survive under Rule 12(b)(6).  Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012); see also Ogbonna-McGruder v. Austin Peay State Univ., 91 F.4th 833, 839 (6th Cir. 2024); Towns v. Memphis/Shelby Cnty. Health Dep't, No. 17-cv-02626-SHM-tmp, 2019 WL 639050, at *4 (W.D. Tenn. Jan. 25, 2019).  Rather, Rule 12(b)(6) allows the Court to dismiss a complaint for failure to comply with the requirements of Rule 8(a)(2).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must contain sufficient facts to "state a claim to relief that is plausible on its face," meaning it must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)).  The complaint need not set forth "detailed factual allegations," but it must include more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (citing Twombly, 550 U.S. at 555, 557).  When considering a 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Adkisson v. Jacobs Eng'g Grp., Inc., 790 F.3d 641, 647 (6th Cir. 2015) (internal citation omitted).

Further, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed.  Williams v. Thomas, No. 1:16-cv-1330-JDB-cgc, 2019 WL 1905166, at *1 (W.D. Tenn. Apr. 29, 2019); Williams v. Curtin, 631 F.3d

380, 383 (6th Cir. 2011).  Even so, <u>pro</u> <u>se</u> litigants must adhere to the Federal Rules of Civil Procedure, <u>see</u> <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading.  <u>See</u> <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011); <u>Payne v. Sec'y of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003).

"Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."  <u>Grose v. Am. Airlines, Inc.</u>, No. 20-cv-02754-JTF-tmp, 2021 WL 1876152, at *7 (W.D. Tenn. Mar. 5, 2021) (quoting <u>Singfield v. Akron Metro. Hous. Auth.</u>, 389 F.3d 555, 561 (6th Cir. 2004)).  To survive a Rule 12(b)(6) challenge, Shaw must "'allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference,' that Defendant discriminated against Plaintiff with respect to an adverse employment event."  <u>Burse v. Nashville Cnty. Care at Bordeaux</u>, No. 3:17-cv-1117, 2018 WL 2560400, at *5 (M.D. Tenn. June 4, 2018), adopted by, 2018 WL 3157019 (M.D. Tenn. June 28, 2018) (quoting <u>Keys</u>, 684 F.3d at 610).

Shaw has plausibly alleged that she is a member of protected classes (African American and Black), and experienced an adverse employment event when Resource MFG refused to hire her.  Further, the Court disagrees with the R&R's finding that Shaw did not allege any facts that allow the Court to infer that she was discriminated against because of her race or color.  Shaw states in her complaint that when she was refused a job, Resource MFG told her that "they do not hire people like me."  (ECF No. 1 at PageID 4.)  She also checked boxes on the complaint form that she was discriminated against based on her race and color.  (<u>Id.</u>)  Taken together, Shaw has met the requirements of Rule 8(a)(2), and plausibly alleged a claim of race and color discrimination.

For these reasons, the Court **REJECTS** the R&R.  Further, the Court **DIRECTS** the Clerk to issue process for Defendant and deliver said process to the U.S. Marshal for service in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).  All costs of service shall be advanced by the United States.

It is **ORDERED** that Plaintiff shall serve a copy of every further document filed in this cause on the attorneys for the Defendant, or on the Defendant if it does not have an attorney. Plaintiff shall include a certificate of service for every document filed and become familiar with the Federal Rules of Civil Procedure and this Court's Local Rules.[4]

Plaintiff shall promptly notify the Clerk in writing of any change of address.  Failure to comply with this requirement, or any other order of the Court, may result in the dismissal of this case without further notice.

**IT IS SO ORDERED,** this 22nd day of May, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] A free copy of the Local Rules may be obtained from the Clerk.  The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.